FILED

2011 NOV -3 PM 2: 53

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUSAN IBARRA,

Plaintiff,

vs.   Case No.: 6:11-cv-1759-ORL-19GJK

DELANOR KEMPER & ASSOCIATES, LLC,

Defendant.

_____/

## COMPLAINT

1. Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq. ("FCCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1692 et seq ("FDCPA"), and pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq.

3. Venue is proper in this District because the act and transaction occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff, Susan Ibarra, is a natural person who resides in the City of Orlando, County of Orange, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, DElanor Kemper & Associates, LLC, (hereinafter "Defendant Delanor") is a collection agency operating from an address of 448 Ralph David Abernathy Blvd., SW # 11, Atlanta, GA 30312-2404, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Delanor, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant Delanor regularly collects or attempts to collect debts for other parties.

8. Defendant Delanor is a "debt collector" as defined in the FDCPA.

9. Defendant Delanor was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

12. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

13. In or about October, 2011, Defendant Delanor's collector contacted Plaintiff and other third parties by telephone in an effort to collect this debt, which were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14. During these October, 2011 call, Defendant left a voice mail on Plaintiff's telephone and other third parties' answering machines, failing to identify themselves as a debt collector.

15. Defendant made false and misleading representations as to the legal status of the alleged debt, while attempting to collect the alleged debt from Plaintiff.

## SUMMARY

16. The above-described collection communications made to Plaintiff by Defendant Delanor, and a collection employee employed by Defendant Delanor, was made in violation of multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d(6), and 1692e(2), as well as the FCCPA § 559.555.

17. During its collection communication, Defendant and this individual debt collectors employed by Defendant Delanor failed multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d(6), and 1692e(2), amongst others.

18. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

## TRIAL BY JURY

19. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT 1

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

3

21. The foregoing acts and omissions of the Defendant and its agents constitute multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

22. As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages and

B) Attorneys' fees and costs.

## COUNT 2

### VIOLATION OF 559.555 OF THE FLORIDA CONSUMER COLLECTION PRACTICESACT

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. In violation of Florida Statutes, Defendant failed to register in the State of Florida as a debt collector.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages and

B) Attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated: October 20, 2011

Respectfully submitted,

/s/ Andrew I. Glenn
Andrew I. Glenn
E-mail: AGlenn@cardandglenn.com
Florida Bar No.: 577261
J. Dennis Card, Jr.
E-mail: DCard@cardandglenn.com
Florida Bar No. 0487473
Card & Glenn, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone: (954) 921-9994
Facsimile: (954) 921-9553
Attorneys for Plaintiff